UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>        Plaintiff,<br><br>    v.<br><br>TRENT ALLEN,<br><br>        Defendant. | Case No.  5:22-cv-05202-EJD<br><br>**ORDER DENYING PETITIONER'S MOTION FOR A STAY AND ABEYANCE**<br><br>Re: Dkt. No. 3 |

On September 12, 2022, Petitioner, a state prisoner confined at Salinas Valley State Prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Dkt. No. 1. Shortly thereafter, Petitioner filed a motion to stay, seeking to hold his federal petition in abeyance while Petitioner exhausts his remedies in state court. Mot. for a Kelly Stay ("Motion"), Dkt. No. 3. For the reasons discussed below, the Court **DENIES** Petitioner's request.

**I.    BACKGROUND**

On June 14, 2017, a jury found petitioner guilty of attempted willful, deliberate, and premeditated murder using a deadly and dangerous weapon within the meaning of Cal. Penal Code § 12022(b)(1) in violation of Cal. Penal Code §§ 664 and 187(a); stalking with a deadly and dangerous weapon within the meaning of § 12022(b)(1) in violation of Cal. Penal Code § 187(a); misdemeanor exhibiting a deadly weapon in violation of Cal. Penal Code § 417(a)(1); first degree burglary in violation of § 460(a); misdemeanor possession of burglar's tools in violation of Cal. Penal Code § 466; and misdemeanor battery of a person the Petitioner formerly dated in violation of Cal. Penal Code § 243(e)(1). Petition for Writ of Habeas Corpus ("Petition"), Dkt. No. 1 ¶¶ 5-

Case No.: 5:22-cv-05202-EJD
ORDER DENYING PETITIONER'S MOT. FOR A STAY & ABEYANCE
1

6, 8. Petitioner committed these offenses after having been convicted of a serious felony within the meaning Cal. Penal Code § 667(a)(1). *Id.* ¶¶ 7-8. The Superior Court of California for San Mateo County sentenced Petitioner to 21 years to life on the attempted murder conviction, an additional five years for a prior strike offense under § 667(a), and a consecutive 12-year term for the burglary conviction; the court stayed punishment for the stalking conviction. *Id.* ¶ 9.

Petitioner appealed his conviction and in 2021 the California Court of Appeal for the First District affirmed the conviction but remanded for resentencing so the trial court could consider striking the prior serious felony enhancement under § 667(a). *Id.* ¶¶ 10-11. The California Supreme Court subsequently denied Petitioner's request for review. *Id.* ¶ 12.

Petitioner filed this instant petition for writ of habeas corpus on September 12, 2022. Petitioner claims the following as grounds for federal habeas relief: (1) denial of his constitutional right to due process under the Fifth, Sixth, and Fourteenth Amendments due to insufficient evidence to sustain Petitioner's convictions; (2) denial of his constitutional right to effective assistance of counsel where (a) Petitioner's trial court counsel failed to object to the admission of out-of-court statements (b) Petitioner's trial court counsel displayed open disdain for Petitioner in front of jurors, and (3) where appellate counsel failed to argue that the trial court denied Petitioner a fair trial when it failed remove counsel; and violation of Petitioner's right to due process where (4) the court did not permit trial counsel to withdraw, (5) the court admitted testimonial statements in the form of a tape without giving Petitioner the opportunity to confront a witness, and (6) where the court admitted out-of-court statements from Doe to the officers regarding Petitioner's prior statutory rape conviction. Mot. at 4.

Petitioner seeks a stay to ensure that he does not forfeit his ability to seek federal review with respect to claims 1, 2(a), 5, and 6 while he exhausts his remedies with respect to claims 2(b), 3, and 4 in state court. Mot. at 3.

## II. LEGAL STANDARD

A district court has the discretion to stay mixed habeas petitions containing both exhausted and unexhausted claims to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544

1  U.S. 269, 277–78 (2005). Because a district court may stay a petition that contains only

2  unexhausted claims, the Ninth Circuit permits petitioners to use a three-step procedure outlined in

3  *Kelly* to stay a petition containing only exhausted claims and later adding back the deleted claims

4  into the petition after exhaustion (also referred to as a "*Kelly* Stay"). *King v. Ryan*, 564 F.3d 1133

5  (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003*) overruled in part by Robbins v.*

6  *Carey*, 481 F.3d 1143 (9th Cir. 2007) (holding that a district court was not required sua sponte to

7  consider whether it should stay and abey a mixed habeas petition).

8        Specifically, "[p]ursuant to the Kelly procedure, (1) a petitioner amends his petition to

9  delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully

10  exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the

11  deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted

12  claims to the original petition." *King*, 564 F.3d at 1135 (citing *Kelly*, 315 F.3d at 1070–71).

13  **III.   DISCUSSION**

14      **A.   Exhaustion**

15  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings

16  either the fact or length of their confinement are first required to exhaust state judicial remedies,

17  either on direct appeal or through collateral proceedings, by presenting the highest state court

18  available with a fair opportunity to rule on the merits of each and every claim they seek to raise in

19  federal court. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982);

20  *Duckworth v. Serrano*, 454 U.S. 1, 3–5 (1981). The state's highest court must be given an

21  opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526

22  U.S. 838, 845 (1999). Appellate issues are only exhausted to the extent that the particular issue is

23  included in a petition for review to the California Supreme Court. *Roman v. Estelle*, 917 F.2d

24  1505, 1506 (9th Cir. 1990).

25        Petitioner's claims 1, 2(a), 5, and 6 have been properly exhausted; they were raised in the

26  California Court of Appeal and subsequently addressed in the California Supreme Court on the

27  merits. Pet. at 12–13. Petitioner now seeks a stay and abeyance while he exhausts his remaining

28  Case No.:  5:22-cv-05202-EJD
ORDER DENYING PETITIONER'S MOT. FOR A STAY & ABEYANCE
3

claims 2(b), 3, and 4 in state court. Mot. at 3. Petitioner therefore moves to amend his complaint to delete any unexhausted claims. *Id.* Accordingly, the instant petition is a mixed petition containing both exhausted and unexhausted claims.

### B. Motion to Stay

A petitioner need not show good cause as articulated in *Rhines* for his failure to exhaust state court remedies. *King*, 564 F.3d at 1135 (citing *Rhines*, 544 U.S.). However, a petitioner must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle* by sharing a "common core of operative facts" and *Duncan* by complying with the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *Duncan v. Walker*, 533 U.S. 167 (2001). Specifically, claims may relate back to the claims "properly contained in the original pleading" (the claims that were exhausted at the time of filing) when they "arise from the same core facts as the timely filed claims," and not when the new claims "assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 645, 650; *King*, 564 F.3d at 1142.

As a threshold matter, the Court finds that Petitioner complies with the statute of limitations. Section 2244(d) provides a 1-year statute of limitations for filing a habeas petition which shall run from the latest of the dates outlined in (d)(1)(A)-(D) and d(2), including "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)-(2); *Duncan*, 533 U.S. at 176. Petitioner's exhausted claims were denied by the California Supreme Court on June 16, 2021, and therefore his judgment of sentence became final ninety days later, on September 14, 2021, once his time for seeking certiorari review expired. Mot. for Writ of Habeas Corpus ("Petition"), Dkt. No. 1 at 11 (citing *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir. 1999)). He timely filed this action on September 12, 2022.

Next, Petitioner asserts that his petition satisfies *Mayle* because his seven asserted claims asserted are all "'tied to a common core of operative facts' and relate to the Superior Court's failure to provide Petitioner with a fair trial." Memo. & Points of Authority, Dkt. No. 3 at 5

Case No.: 5:22-cv-05202-EJD
ORDER DENYING PETITIONER'S MOT. FOR A STAY & ABEYANCE
4

(citing *Mayle*, 545 U.S.).  Petitioner argues that claims 1, 5, and 6 concern evidentiary errors; claims 2 and 3 concern Petitioner's ineffective assistance of counsel which he alleges caused his conviction; and claim 4 "deals with the trial court's failure to permit trial counsel to withdraw after counsel's behavior towards Petitioner in front of the jury prejudiced him." *Id.* (citing *Tiller v. Atl. Coast Line R.R.*, 323 U.S. 574, 580–81 (1945).  However, the Court disagrees with Petitioner's broad interpretation of relation back where Petitioner's trial is the only common thread connecting the unexhausted claims to his petition.  The court previously rejected this very argument.  *See Eatmon v. Warden*, No. 20-CV-05596-HSG, 2022 WL 326614, at *6 (N.D. Cal. Feb. 3, 2022) (rejecting petitioner's argument that the claims relate back because all the claims all "relate to the Superior Court's failure to provide Petitioner with a fair trial.").

The Supreme Court has cautioned that amended claims do not "relate back" simply because those claims arise from the "same trial, conviction, or sentence" as the timely-filed exhausted claims.  *Mayle*, 545 U.S. at 646 ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance.").  The circumstances before the Court in *Mayle* involved petitioner Felix's Confrontation Clause challenge to the admission of "the videotaped prosecution witness testimony." *Id.* at 644.  Felix later amended his petition to assert a Fifth Amendment objection to the admission of his own pretrial statements as coerced and therefore inadmissible and additionally alleged that his appellate counsel was ineffective.  *Id.* at 651–52.  The Court found that Felix's claims arose from "separate congeries of facts" that were "separated in time and type" because his Fifth Amendment self-incrimination claim arose from pretrial events that did not relate back to his original complaint alleging a Sixth Amendment Confrontation Clause claim arising from the trial.  *Id.* at 661.

Here, the Court finds that the claims Petitioner seeks to add to his amended petition do not relate back to his timely filed claims.  Petitioner's three unexhausted claims are based on a wholly different set of facts, that is, counsel's allegedly prejudicial behavior towards Petitioner during trial.  *Hebner v. McGrath*, 543 F.3d 1133, 1139 (9th Cir. 2008).  Claim 2(b) asserts that his

Case No.: 5:22-cv-05202-EJD
ORDER DENYING PETITIONER'S MOT. FOR A STAY & ABEYANCE
5

1  counsel displayed open disdain for Petitioner in front of jurors and claim 4 alleges that the trial
2  court failed to remove trial counsel for making such displays in front of jurors. Similarly, claim
3  3—that his appellate counsel failed to argue that the trial court denied Petitioner a fair trial by
4  failing to remove his trial court counsel—is based on the same alleged misfeasance.

5  However, none of the unexhausted claims relate back to Petitioner's exhausted claims.
6  While claim 2(a) also alleges ineffective assistance of counsel, it is based on a different set of facts
7  concerning the admission of evidence during trial. *Hebner*, 543 F.3d at 1138 (citing *United States*
8  *v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing to *Mayle* and reasoning that "a petitioner does
9  not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective
10 assistance in the original petition, and then amending the petition to assert another ineffective
11 assistance claim based upon an entirely distinct type of attorney misfeasance.")). Conversely,
12 unexhausted claim 2(b) concerns the behavior of Petitioner's counsel in front of jurors and
13 constitutes a "separate congeries of facts" from claim 2(a)'s assertion of counsel's failure to object
14 to the admission of Doe's out-of-court testimony indicating that she feared Petitioner.

15 The remaining exhausted claims arise from events "separated in time and type" from the
16 events contained within the claims Petitioner wishes to include in his amended petition. Claims 1
17 challenges the sufficiency of evidence and claims 5 and 6 each concern the admission of evidence.
18 Claim 1 involves the denial of Petitioner's constitutional right to due process where he alleges that
19 there was insufficient evidence to sustain his convictions. Claim 5 alleges violation of Petitioner's
20 Confrontation Clause right where the trial court admitted a tape of a 911 call containing testimony
21 of an individual whom Petitioner was not able to confront. Claim 6 challenges the admission of
22 Doe's statements to the police regarding Petitioner's prior statutory rape conviction. In other
23 words, the core facts underlying the legal theories in these claims do not relate to the core facts
24 underlying the legal theories in the claims Petitioner seeks to include in his amended petition.

25 In sum, Petitioner's unexhausted claims are not sufficiently related to the claims properly
26 contained in his petition because they arise from a different core of operative facts. Claims 2(b),
27 3, and 4 are therefore time-barred. Accordingly, the Court **DENIES** Petitioner's motion for a stay

Case No.: 5:22-cv-05202-EJD
ORDER DENYING PETITIONER'S MOT. FOR A STAY & ABEYANCE
6

under *Kelly*.

**IV.    CONCLUSION**

For the foregoing reasons, Petitioner's motion for a stay and abeyance is **DENIED**. Petitioner may not amend his petition to include the time-barred claims.

**IT IS SO ORDERED.**

Dated: December 1, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:22-cv-05202-EJD
ORDER DENYING PETITIONER'S MOT. FOR A STAY & ABEYANCE
7